**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-7863**

LAWRENCE THOMPSON,

             Plaintiff - Appellant,

        v.

MARY B. CARLISLE, d/b/a CEO Admin.; KEITH DAVIS, d/b/a
Security Off.,

             Defendants - Appellees.

Appeal from the United States District Court for the Southern
District of West Virginia, at Huntington.   Robert C. Chambers,
District Judge.  (3:05-cv-00452)

Submitted:  January 13, 2010          Decided:  February 3, 2010

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lawrence Thompson, Appellant Pro Se.  Christie Sue Utt, OFFICE
OF THE ATTORNEY GENERAL OF WEST VIRGINIA, Charleston, West
Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lawrence Thompson appeals the district court's judgment order granting summary judgment to the Defendants and denying relief on his 42 U.S.C. § 1983 (2006) complaint. We have reviewed the record and find no reversible error.

We review a district court's order granting summary judgment de novo. Jennings v. University of N.C., 482 F.3d 686, 694 (4th Cir. 2007). "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007) (quoting Fed. R. Civ. P. 56(c)). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The relevant inquiry in a summary judgment analysis is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). An otherwise properly supported motion for summary judgment will not be defeated by the existence of some factual dispute; rather, only disputes over facts that might affect the outcome of the suit under the governing law will

2

properly preclude the entry of summary judgment.  <u>Id.</u> at 248. Indeed, to withstand a motion for summary judgment, the non-moving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial.  Fed. R. Civ. P. 56(e)(2); <u>see</u> <u>Thompson v. Potomac Elec. Power Co.</u>, 312 F.3d 645, 649 (4th Cir. 2002) ("Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence" in support of the non-moving party's case.) (internal quotation marks and citations omitted).

We find Thompson failed to show a genuine issue of material fact that would affect the outcome of his complaint under the governing law.  He failed to show Davis' conduct was anything more than negligent.  <u>See</u> <u>Beck v. Wilson</u>, 377 F.3d 884, 890 (8th Cir. 2004).  He also failed to show that those attending to his medical needs exercised anything other than their professional judgment.  <u>See</u> <u>Patten v. Nichols</u>, 274 F.3d 829, 838-39 (4th Cir. 2001).

Accordingly, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>